# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **NOE JIMENEZ MORALES, on behalf of himself and all others similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:16-cv-00072** |
| | ) | **Judge Frensley** |
| **RITE RUG CO.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Pending before the Court is a Joint Motion for Order Approving Settlement. Docket No. 50. The Court has reviewed the Motion and the Settlement Agreement (Docket No. 50-2), and it appears to be a fair and reasonable settlement of the wage claims presented. The section titled "Confidentiality and Non-disparagement" (item 5) contains some language that appears to disregard "Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace." *Nutting v. Unilever Mfg. (U.S.)*, No. 2:14-cv-02239, 2014 U.S. Dist. LEXIS 91894, at *12 (W.D. Tenn. June 13, 2014), *quoting Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010) (internal quotation marks omitted). *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 337 (S.D.N.Y. 2012) ("an agreement setting an FLSA claim that is submitted for court approval is indisputably . . . a 'judicial document' subject to the presumption of access."). The language at issue is quoted below:

> The Parties shall keep confidential and not disclose any of the terms and/or conditions of this Agreement or the matters contemplated hereby or related hereto except to their attorneys, or

accountants, or to the extent such disclosure is required by a subpoena, court order, or to rebut a contrary statement. The Parties agree not to disclose any information about the others to third parties or governmental agencies except to the extent such disclosure is required by a subpoena or court order. Except as otherwise permitted herein, or by the terms of the Consent Protective Order, in the event any person or entity seeks any information contained herein, relating to the terms hereof, or related hereto, the Party from whom said information it [*sic*] is sought shall provide the opposing Party or Parties and their counsel with notice of said request as soon as possible, but in no event later than five (5) days prior to the date of the requested/anticipated production.

Docket No. 50-2, p. 3.

The Court finds that this language is unenforceable. The Court severs this language, and approves the remainder of the settlement, which will include a modification of item 5, as proposed and agreed upon by the Parties.[1] Item 5 will now read as follows:

5. <u>Confidentiality and Non-disparagement.</u> The Parties agree and understand that the terms of the Consent Protective Order shall survive the dismissal of this action. The Parties agree that they will not make or cause to be made any negative comments about, or any statements that disparage or damage the reputation, goodwill or business of, any of the other Parties.

Rite Rug further agrees not to initiate contact with any federal or state immigration or law enforcement authority about any or all Plaintiffs. Rite Rug also agrees to refrain from turning information about Plaintiffs over to any internal revenue, immigration, or law enforcement authority, except as may be required by law or pursuant to lawfully issued subpoena.

Accordingly, the Parties' Joint Motion for Order Approving Settlement (Docket No. 50) is GRANTED. Pursuant to the Parties' request, this action is DISMISSED with prejudice, with

---

[1] In response to the Court's previous Order regarding concerns with the confidentiality language (Docket No. 52), the Parties communicated with the Court via email and telephone their agreement with the Court's plan to sever that language and approve the remainder of the agreement, subject to certain modifications that the Court has adopted.

2

each Party to bear its own costs of court.  This Order shall constitute the judgment in this case pursuant to Fed. R. Civ. P. 58.

IT IS SO ORDERED.

Jeffery S. Frensley
United States Magistrate Judge

3